IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30181
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNY OSBIN CUMMINGS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-45D
- - - - - - - - - -
December 18, 1996

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Ronny Osbin Cummings appeals from his conviction and sentence for carjacking in violation of 18 U.S.C. § 2119. He argues that his conviction is unconstitutional because it is based upon an insufficient nexus with interstate commerce, that he received ineffective assistance of counsel, that the district court's assessment of a two-level increase pursuant to U.S.S.G. § 2B3.1(b)(1)(B) violated principles of double jeopardy, and that

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the district court erred by increasing his offense level by two pursuant to § 3A1.1 because his victim was unusually vulnerable. We have reviewed the record and find no reversible error. The factual resume provides that the vehicle had moved in interstate commerce, and Cummings does not challenge the sufficiency of the factual resume on appeal. The district court did not err by increasing Cummings' offense level pursuant to § 2B3.1(b)(1)(B). See United States v. Hawkins, 87 F.3d 722, 724-28 (5th Cir. 1996). Neither did the district court err by increasing Cummings' offense level by two pursuant to § 3A1.1 because his victim was unusually vulnerable. See United States v. Kuban, 94 F.3d 971, 975 (5th Cir. 1996). Finally, the court declines to address Cummings' claim of ineffective assistance of counsel, although without prejudice to Cummings' right to raise the issue in a 28 U.S.C. § 2255 motion. Accordingly, the judgment of the district court is AFFIRMED.